

750 E. PRATT STREET   SUITE 900   BALTIMORE, MD 21202
T 410.244.7400   F 410.244.7742   www.Venable.com

**Christina L. Gaarder**
T 410.244.7638
F 410.244.7742
clgaarder@venable.com

April 21, 2010

<u>**VIA UPS NEXT DAY**</u>

Honorable Kiyo Matsumoto
Honorable Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: ***In re: Pamidronate Products Liability Litigation***
     ***Case No. 1:09-md-2120-KAM-SMG (E.D.N.Y)***

Dear Judge Matsumoto and Judge Gold:

  On behalf of Hospira, Inc. ("Hospira") and the below-signed defendants, we respectfully submit this letter to inform the Court of plaintiffs' attempt to serve subpoenas on defendants requesting wholesaler information in contravention of this Court's directives to the parties regarding product identification in this litigation.

  As you will recall, at the January 26, 2010 Case Management Conference ("CMC"), the topic of product identification was discussed at some length, with the plaintiffs requesting that the defendants provide distributor information and the defendants arguing that plaintiffs should be required to seek product identification information from other sources, including infusion centers, care providers, and distributors identified by the infusions centers before the defendants should be required to provide information in discovery. After listening to the parties, the Court ordered plaintiffs to make their best effort to identify the manufacturer(s) of the pamidronate that each plaintiff was allegedly administered by way of subpoenas to *non-parties*. Only after plaintiffs invest this effort into the product identification process may plaintiffs return to the Court to seek permission to obtain discovery directly from defendants. Following a hearing on March 3, Judge Jessica Mayer, who is overseeing the coordinated *In re Zometa/Aredia* proceedings in the New Jersey Superior Court, established a nearly identical product identification process requiring plaintiffs to seek product identification discovery from sources other than defendants first, before discovery directed to the generic defendants will be permitted.

  Despite the rulings of both this Court and the New Jersey Superior Court, last week, plaintiffs sent defendants copies of subpoenas they have issued out of a case pending in the



750 E. PRATT STREET   SUITE 900   BALTIMORE, MD 21202
T 410.244.7400   F 410.244.7742   www.Venable.com

April 21, 2010
Page 2

*Aredia/Zometa* MDL – *Guilbeau v. Novartis*, Case No. 06-cv-00373,[1] in the United States District for the Middle District of Tennessee – that seeks the very discovery denied to them by this Court. The subpoenas require the defendants to produce "all contracts and other documents identifying any and all wholesalers…used to distribute Aredia, pamidronate and or pamidronate disodium from April 1, 2001 through December 31, 2004." (Copies of the subpoenas are attached hereto as Exhibits A – D).

Plaintiffs are clearly attempting to circumvent the Courts' orders regarding the steps plaintiffs are to take in seeking product identification in this litigation and the New Jersey litigation involving the generic pamidronate manufacturers. On April 16, 2010, defendants sent a letter to counsel for plaintiffs requesting that the subpoenas be withdrawn immediately as being in direct violation of the Courts' orders. (A copy of the April 16, 2010 letter is attached hereto as Exhibit E). Counsel for plaintiffs responded by letter dated April 20, stating that he does not intend to withdraw these improper subpoenas, apparently arguing that the Courts' orders in the *Pamidronate* MDL and the New Jersey *Zometa/Aredia* cases do not apply to *Guilbeau* because it is part of the *Aredia/Zometa* MDL. (A copy of the April 20, 2010 letter is attached hereto as Exhibit F). Counsel for plaintiffs claims that he requires this discovery in *Guilbeau* in order to determine whether additional defendants need to be added to the case. However, because any additional defendants would be generic manufacturers, plaintiff would have to bring suit against them in the *Pamidronate* MDL. Therefore, plaintiff's product ID efforts in *Guilbeau* are no different than those of any other plaintiff seeking to bring suit against the generic manufacturers in the *Pamidronate* MDL, and thus, are subject to this Court's orders. Given plaintiffs' refusal to withdraw the subpoenas issued in the *Guilbeau* case, defendants have no choice but to seek this Court's guidance and intervention.

Very truly yours,

Christina L. Gaarder
*Attorneys for Defendant Hospira, Inc.*

CLG:bb
Enclosures
BA2DOCS1/390323
cc:   All Counsel of Record (via electronic mail)

---

[1] It is not apparent why the *Guilbeau* case was chosen by plaintiffs. *Guilbeau* does not have an action pending in this Court.

**VENABLE® LLP**

750 E. PRATT STREET   SUITE 900   BALTIMORE, MD 21202
T 410.244.7400   F 410.244.7742   www.Venable.com

April 21, 2010
Page 3

                              Joined By:

/s/ Glenn S. Kerner                           /s/ Jenifer N. Keenan
Glenn S. Kerner                             Jane Fugate Thorpe
Jonathan I. Price                          Scott A. Elder
GOODWIN PROCTER LLP          Brendan G. Krasinski
The New York Times Building        Jenifer N. Keenan
620 Eighth Avenue                   ALSTON & BIRD LLP
New York, NY 10018-1405           1201 W. Peachtree Street NE
(212) 459-7480 (Telephone)         Atlanta, Georgia 30309-3424
(212) 355-3333 (Facsimile)          (404) 881-7181 (Telephone)
                                               (404) 881-7000 (Facsimile)

*Attorneys for Defendant Teva Parenteral Medicines, Inc.*

*Attorneys for Defendant Bedford Laboratories and Ben Venue Laboratories*

/s/ Joe G. Hollingsworth
Joe G. Hollingsworth
Katharine R. Latimer
Robert E. Johnston
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC 20005
(202) 898-5800 (Telephone)
(202) 682-1639 (Facsimile)

*Attorneys for Defendant Sandoz Inc.*