**MORRISON | FOERSTER**

12531 HIGH BLUFF DRIVE
SUITE 100
SAN DIEGO
CALIFORNIA 92130-2040

TELEPHONE: 858.720.5100
FACSIMILE: 858.720.5125

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

May 11, 2010

Writer's Direct Contact
858.720.5154
JHuston@mofo.com

Honorable Kiyo A. Matsumoto
Honorable Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re:   In re: Pamidronate Products Liability Litigation;
      Case No. 1:09-md-2120-KAM-SMG (E.D.N.Y)

Dear Judges Matsumoto and Gold:

On behalf of APP Pharmaceuticals, LLC ("APP") and the below-signed defendants, we respectfully respond to plaintiffs' April 26, 2010 progress reports regarding product identification.

During the Court's January 26, 2010 Status Conference, the Court ordered plaintiffs' counsel to "exhaust[] the efforts of learning . . . from infusion centers and wholesalers . . . which plaintiffs received which pamidronate brand over which period of time." (Tr. at 37-38). The Court urged plaintiffs' counsel not to "let things linger for too long before . . . resort[ing] to a subpoena," and further ordered plaintiffs' counsel to prepare written reports detailing their findings. (*Id.*) As the progress reports filed on April 26, 2010 make clear, plaintiffs' counsel's work is far from complete, and for many plaintiffs has not yet begun.

In the three months that passed between the Status Conference and the filing of the progress reports, plaintiffs' counsel have failed to determine the manufacturer of the pamidronate to which a single plaintiff was allegedly exposed. In fact, plaintiffs' status reports to the Court and subpoenas show that they:

1.  Have not served any subpoenas for records pertaining to 30 different plaintiffs (Ex. 1);

2.  Did not begin serving subpoenas pertaining to an additional 69 plaintiffs until March 1, 2010 or later (Exs. 2, 4);

3.  Served subpoenas pertaining to 36 plaintiffs fewer than 30 days prior to—and in some cases after—the due date of the progress reports (Ex. 3, 4); and

sd-517261

MORRISON | FOERSTER

Honorable Kiyo A. Matsumoto
Honorable Steven M. Gold
May 11, 2010
Page Two

4. Have not served a single subpoena on a wholesaler seeking records of sales to any infusion center utilized by any plaintiff.

Thus, it is unsurprising that plaintiffs' counsel's work is not yet complete, and plaintiffs' counsel acknowledge that they continue to seek and receive records relating to product identification. Moreover, plaintiffs' counsel have not shared the records they have received in response to their subpoenas with defendants.[1] Lacking such records, it is difficult for defendants to determine what plaintiffs have obtained and what work is left to be done.

As plaintiffs' process of subpoenaing records and pursuing product identification is not yet complete—and for many plaintiffs has not even begun—defendants respectfully request that plaintiffs be given an additional 90 days to complete this process and submit supplementary product identification reports. In the meanwhile, defendants should be under no obligation to provide any discovery to plaintiffs, plaintiffs should be ordered to share copies of the records they receive with defendants, and deadlines for defendants' service of responsive pleadings and motions to dismiss should be deferred pending further order by the Court.

**Osborn Law, P.C.'s Report**

At the time of the January 26, 2010 Status Conference, Osborn Law P.C. ("Osborn Law") represented just two plaintiffs in just two actions, Cases No. 09-7264 (*Fry*) and 09-7265 (*Chandler*). On April 26, 2010, Osborn Law filed an additional lawsuit against defendants APP, Bedford Laboratories ("Bedford"), Hospira, Inc. ("Hospira"), Sandoz, Inc. ("Sandoz"), and Teva Parenteral Medicines, Inc. ("Teva"), styled *Bartoli v. APP Pharmaceuticals et al.*, Case No. 10-cv-1860 (E.D.N.Y. Apr. 26, 2010), that purports to bring an action on behalf of 159 plaintiffs. This complaint does not allege the manufacturer of the pamidronate to which a single plaintiff was allegedly exposed, but rather alleges for all 159 plaintiffs that

---

[1] Mr. Vecchione indicated in his report that he would be providing copies of the records he has received to defendants, but has failed to do so. Mr. Osborn did not indicate he was prepared to share the records received by his office, and has not responded to defendants' request to view copies of the records. A copy of defendants' request to view copies of the records is attached as Exhibit 5. As the Court may recall, despite repeated requests from defendants, plaintiffs' counsel failed to provide copies of the nonparty subpoenas to defendants in violation of Fed. R. Civ. P. 45 until ordered to do so by the Court on April 6, 2010. (Ex. 6.)

sd-517261                                2

MORRISON | FOERSTER

Honorable Kiyo A. Matsumoto
Honorable Steven M. Gold
May 11, 2010
Page Three

"[p]laintiffs or their decedents . . . were prescribed and infused with pamidronate. . . ." (Compl. ¶ 6.)[2] A copy of this newly-filed complaint is attached as Exhibit 7.

As an initial matter, defendants note that the Court appears to lack subject matter jurisdiction over this new action, as plaintiffs premise the Court's jurisdiction upon diversity jurisdiction, but all plaintiffs are not diverse from all defendants.[3] *See United Food & Commercial Workers Un. v. Centermark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).

Osborn Law reports that it has issued a total of 218 letters to infusion centers, of which only 142 included the necessary authorizations that would permit the infusion centers to release the requested records, and of which only 36 included both signed authorizations and subpoenas that would compel the production of such records. (Osborn Rep. at 3.) Thus, fewer than 17% of the requests sent to infusion centers contained both authorizations and subpoenas. Osborn Law reports that it has received 96 responses from infusion centers, a response rate of less than 45%.

Osborn Law also reports that it sent 228 letters requesting documents to insurance companies, of which only 145 included both a signed authorization and a subpoena. Although 64% of these requests to insurance companies included authorizations and

---

[2] The *Bartoli* plaintiffs' complaint does not meet federal pleading requirements under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) because it does not contain allegations that any particular defendant's product harmed a particular plaintiff. *See, e.g., In re: Aredia and Zometa Products Liability Litig.*, No. 3:09-1124, slip. Op. (M.D. Tenn. Apr. 21, 2010) (granting motion for judgment on the pleadings due to plaintiff's failure to allege that a particular defendant's product caused plaintiff's injuries) (attached as Exhibit 8.) Indeed, the product identification work plaintiffs' counsel has failed to do should have been completed prior to the filing of plaintiffs' claims. *See id.* at 3 ("[I]nformation as to which drug [plaintiff] . . . was given is information within the reach of the Plaintiffs, information held by [plaintiff's] healthcare providers, in [plaintiff's] medical records . . . and, in compliance with Fed. R. Civ. P. 11, should have been obtained by the Plaintiffs before this lawsuit was filed.")

[3] As noted in the newly filed complaint, defendant Bedford is headquartered in Ohio, defendants APP and Hospira are headquartered in Illinois, defendant Sandoz is headquartered in New Jersey, and defendant Teva is headquartered in California. Addendum A to the complaint indicates that five of the plaintiffs are citizens and residents of Ohio, three plaintiffs are citizens and residents of Illinois, three plaintiffs are citizens and residents of New Jersey, and 21 plaintiffs are citizens and residents of California.

MORRISON | FOERSTER

Honorable Kiyo A. Matsumoto
Honorable Steven M. Gold
May 11, 2010
Page Four

subpoenas, Osborn Law reports that it has received only 76 responses from insurance companies and that it is "still in the process of reviewing the thousands of pages of records [it] ha[s] received." (Osborn Rep. at 5.) This 33% response rate is even lower than the 45% response rate Osborn Law reported for the infusion center requests.

Given these low response rates for both infusion centers and insurance companies, Osborn Law acknowledges that it has "a great deal of follow-up to do to try to obtain records from those infusion centers and insurance companies that have not responded to [its] requests." (Osborn Rep. at 5.) Not surprisingly "many of the facilities" to which Osborn Law did not send authorizations have contacted Osborn Law to obtain such authorizations "because of their concern about violating the Health Insurance Portability and Accountability Act." (Osborn Rep. at 4.)

Although Osborn Law notes that it has been able "to identify specific manufacturers in a small number of cases," it declines to share this information with the Court or with defendants. Osborn Law has also declined to respond to defendants' request to view copies of the records it has obtained from infusion centers and insurance companies. Osborn Law does not appear to have served a single subpoena on a wholesaler.

As illustrated by the charts attached as Exhibits 1 – 3, of the 161 plaintiffs Osborn Law represents, Osborn Law has not served a single subpoena pertaining to 30 plaintiffs. Osborn Law did not begin serving subpoenas pertaining to 57 additional plaintiffs until March 1, 2010 or later, and Osborn Law issued subpoenas pertaining to 29 plaintiffs fewer than 30 days prior to—and in some cases after—the due date of the progress reports.

It is thus unsurprising that Osborn Law has not yet obtained and processed the product identification records for all of the plaintiffs it represents. Osborn Law should be required to finish the task it has started, and in some cases, not yet started. Osborn Law's request for discovery from defendants inappropriately seeks to shift the burden that is rightfully plaintiffs', and is inconsistent with the Court's clear directive that plaintiffs exhaust all available avenues before seeking the Court's permission to take discovery from defendants.

This is not the first time Osborn Law has sought to circumvent the Court's order. Osborn Law served subpoenas on defendants last month seeking the very discovery denied to it by this Court, purportedly in connection with a case pending in the *Aredia/Zometa* MDL, *Guilbeau v. Novartis*, Case No. 06-cv-00373. (Ex. 9.) Ms. Guilbeau is one of the 159 plaintiffs named in the newly filed *Bartoli* complaint, and is one of the 30 plaintiffs for whom Osborn Law has not served a single subpoena on an infusion center, insurance company, or other third party that may have product identification information in its possession. (*See* Ex. 1.)

sd-517261

4

MORRISON | FOERSTER

Honorable Kiyo A. Matsumoto
Honorable Steven M. Gold
May 11, 2010
Page Five

### Vecchione/Germany Report

The Vecchione/Germany Report covers the remaining 21 plaintiffs. Subpoenas pertaining to all 21 plaintiffs have now been served, though plaintiffs' counsel did not begin serving subpoenas relating to seven of the 21 plaintiffs until April 20, 2010 or later. (Ex. 4.) Thus, plaintiffs' counsel chose a course that rendered it virtually impossible for them to have received and processed records pertaining to a full third of their clients in time for inclusion in the April 26, 2010 progress report.

The Vecchione/Germany Report indicates that plaintiffs' product identification efforts are continuing. The Report notes that plaintiffs' counsel await records in many cases, and in others will follow up by providing medical releases or by threatening to enforce the subpoenas that have been issued. The Vecchione/Germany Report also discloses that plaintiffs' counsel expect to serve subpoenas on the "wholesalers discovered in the course of this round of subpoenas." (Vecchione/Germany Rep. at 4.) As with the Osborn Law Report, it appears Mr. Vecchione and Mr. Germany have not served a single subpoena on a wholesaler, notwithstanding Mr. Vecchione's assertion during the Status Conference that he was "positive" the wholesalers would have product identification records. (Tr. at 12.)

### Conclusion

In sum, plaintiffs' counsel have begun, but are far from completing, the task the Court ordered them to undertake during the January 26, 2010 Status Conference. Defendants respectfully request that plaintiffs be required to complete this task, provide copies of the records they receive from third parties to defendants, and submit supplementary reports to the Court within 90 days. Defendants should be under no obligation to provide discovery of any kind to plaintiffs until plaintiffs have complied with the Court's order, and should further be under no obligation to serve responsive pleadings or motions to dismiss pending further order of the Court.

Respectfully yours,

/s/ James W. Huston
James W. Huston (SBN 115596)
Erin M. Bosman (SBN 204987)
Crystal S. McKellar (SBN 231920; CM 6455)

*Attorneys for APP Pharmaceuticals, LLC*

MORRISON | FOERSTER

Honorable Kiyo A. Matsumoto
Honorable Steven M. Gold
May 11, 2010
Page Six

Joined By:

/s/ Glenn S. Kerner
Glenn S. Kerner
Jonathan I. Price
Nilda M. Tulla-Isidro
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 459-7480 (Telephone)
(212) 355-3333 (Facsimile)

*Attorneys for Defendant Teva Parenteral Medicines, Inc.*

/s/ Robert E. Johnston
Joe G. Hollingsworth
Katharine R. Latimer
Robert E. Johnston
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC 20005
(202) 898-5800 (Telephone)
(202) 682-1639 (Facsimile)

*Attorneys for Defendant Sandoz Inc.*

/s/ Jenifer N. Keenan
Jane Fugate Thorpe
Scott A. Elder
Brendan G. Krasinski
Jenifer N. Keenan
ALSTON & BIRD LLP
1201 W. Peachtree Street NE
Atlanta, Georgia 30309-3424
(404) 881-7181 (Telephone)
(404) 881-7000 (Facsimile)

*Attorneys for Defendant Bedford Laboratories and Ben Venue Laboratories*

/s/ M. King Hill, III
M. King Hill, III
VENABLE LLP
210 Allegheny Avenue
P.O. Box 5517
Towson, Maryland 21285-5517
(410) 494-6260 (Telephone)
(410) 821-0147 (Facsimile)

Christina L. Gaarder
VENABLE LLP
750 East Pratt Street
Baltimore, Maryland 21202
(410) 244-7638 (Telephone)
(410) 244-7742 (Facsimile)

*Attorneys for Defendant Hospira, Inc.*

sd-517261                                    6