James W. Huston (SBN 115596)
Erin M. Bosman (SBN 204987)
Crystal S. McKellar (SBN 231920; CM 6455)
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California 92130
T: (858) 720-5100

Attorneys for APP PHARMACEUTICALS, LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE: PAMIDRONATE PRODUCTS LIABILITY LITIGATION** | Case No. 1:09-md-2120-KAM-SMG<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO EXTEND TIME TO AMEND PLEADINGS** |

On behalf of APP Pharmaceuticals, LLC ("APP") and the below-signed defendants, we respond to plaintiffs' Motion to Extend the Time to Amend the Pleadings from August 20, 2010 to October 20, 2010. While defendants do not oppose plaintiffs' request, defendants believe it is necessary to respond to certain issues raised in plaintiffs' motion and supporting declaration.

Defendants have worked cooperatively with plaintiffs in the past and will continue to do so. Defendants' understanding after the May 13, 2010 Status Conference was that plaintiffs were to exercise diligence to identify the manufacturer or manufacturers of the pamidronate that each plaintiff was administered. Plaintiffs were ordered to file amended pleadings in which each plaintiff identified the proper manufacturer(s) no later than August 20, 2010, almost seven months after the January 26, 2010 Status Conference at which the Court ordered plaintiffs to

1

"exhaust[] the efforts of learning . . . from infusion centers and wholesalers . . . which plaintiffs received which pamidronate brand over which period of time." (Ex. A at 37-38.)

Last week, Mr. Osborn indicated that he had not yet completed product identification for all of his clients and requested that defendants consent to extending the August 20, 2010 deadline an additional sixty days to October 20, 2010. Defendants had no objection to such an extension and so stated. But defendants wanted compliance with the Court's order for those plaintiffs for whom Mr. Osborn had been able to identify the proper defendant no later than the Court-ordered deadline of August 20, 2010. Defendants further requested that Mr. Osborn provide defendants with a list of those plaintiffs for whom he had been unable to identify the proper defendant, as well as an updated chart that reflected his progress in pursuing product identification for those plaintiffs, by August 20, 2010. A copy of defendants' correspondence to Mr. Osborn of August 18, 2010 is included as Exhibit B.

Independent of the Court's order of May 14, 2010, Mr. Osborn had agreed to dismiss, with prejudice, at least twenty-four cases in which he had determined his clients did not take generic pamidronate no later than August 20, 2010, and such agreement was an explicit condition to defendants' agreement to extend the June 14, 2010 deadline for plaintiffs to serve defendants with medical record authorizations. (*See* Exs. C and D.) No such dismissals have yet been filed.

Also last week, Mr. Vecchione requested that defendants consent to his motion to sever in order to facilitate the amendment of his clients' complaints. Defendants consented, and again indicated that they expected that Mr. Vecchione would file amended complaints and/or dismissals with respect to those plaintiffs for whom he had been successful in product identification no later than the court ordered-deadline of August 20, 2010. (*See* Ex. E.)

Defendants also anticipated that, in some rare cases, Mr. Vecchione may have encountered difficulties in completing product identification for some of his clients notwithstanding proper diligence, and noted that if Mr. Vecchione were to provide defendants with a list of such plaintiffs, that defendants would be willing to consent to an extension with respect to those plaintiffs only. (*Id.*)

Defendants do not understand why the above conditions were unsatisfactory to plaintiffs. If, as plaintiffs have represented, they have successfully identified the proper defendant in at least some of their cases, there is no reason for not complying with the Court's order by dismissing the improperly-named defendants and by amending their pleadings by August 20, 2010.[1] In addition, plaintiffs ought to be able to update the charts reflecting the status of product identification that the Court ordered plaintiffs to prepare and serve by May 27, 2010.

At the Court's January 26, 2010 conference, plaintiffs' counsel indicated that the wholesalers that supplied their clients' infusion centers would likely be able to identify the manufacturer(s) whose pamidronate the infusion centers purchased and administered, and the Court urged plaintiffs' counsel not to "let things linger for too long before . . .resort[ing] to a

---

[1] As discussed in defendants' letter brief of May 11, 2010, plaintiffs' complaints do not meet federal pleading requirements under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) because they do not contain allegations that any particular defendant's product harmed a particular plaintiff. *See, e.g., In re: Aredia and Zometa Products Liability Litig.*, No. 3:09-1124, slip. Op. (M.D. Tenn. Apr. 21, 2010) (granting motion for judgment on the pleadings due to plaintiff's failure to allege that a particular defendant's product caused plaintiff's injuries) (attached as Exhibit F.) Indeed, product identification work should have been conducted prior to the filing of plaintiffs' claims. *See id.* at 3 ("[I]nformation as to which drug [plaintiff] . . . was given is information within the reach of the Plaintiffs, information held by [plaintiff's] healthcare providers, in [plaintiff's] medical records . . . and, in compliance with Fed. R. Civ. P. 11, should have been obtained by the Plaintiffs before this lawsuit was filed.")

3

sd-528957

subpoena" in order to obtain such records. (Ex. A at 12, 37.) Almost seven months have passed without completion of product identification that rightfully should have been completed before the filing of any of these complaints.

In the declaration of Philip Miller in support of plaintiffs' motion for an extension, plaintiffs provide a copy of an invoice from a wholesaler to an infusion center, and note that the invoice includes the NDC code that identifies the manufacturer that sold the infusion center the pamidronate in that purchase order. This is precisely the sort of document that the parties discussed plaintiffs would subpoena from infusion centers back in January.[2] In the event an infusion center had failed to keep such records, plaintiffs would have had the option to subpoena the invoices from the wholesalers that the infusion center indicated supplied it with pamidronate. Even were plaintiffs forced to take the second step of subpoenaing the wholesalers' records, such a process should have lasted no longer than 2-4 months.

As noted above, defendants do not oppose an extension of time for plaintiffs to file amended complaints and/or dismissals for the limited number of plaintiffs for whom they have been unable to identify the proper defendant. However, plaintiffs should be required to comply

---

[2] Plaintiffs' complaint regarding the volume of wholesalers is misplaced. A more direct method for determining which wholesalers' records to subpoena would have been to ask the relevant infusion centers which wholesalers supplied them with pamidronate. Such information could easily have been obtained through subpoenas to the infusion centers.

4

sd-528957

with the Court's order of May 14, 2010 and file amended complaints and/or dismissals for those plaintiffs for whom they have accomplished product identification.

Dated: August 23, 2010

By:     /s/ James W. Huston
James W. Huston (SBN 115596)
Erin M. Bosman (SBN 204987)
Crystal S. McKellar (SBN 231920; CM 6455)
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California 92130
T: (858) 720-5100
*Attorneys for Defendant*
*APP PHARMACEUTICALS, LLC*

Joined By:

/s/ Glenn S. Kerner
Glenn S. Kerner
Jonathan I. Price
Nilda M. Tulla-Isidro
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 459-7480 (Telephone)
(212) 355-3333 (Facsimile)
*Attorneys for Defendant Teva Parenteral Medicines, Inc.*

/s/ Robert E. Johnston
Joe G. Hollingsworth
Katharine R. Latimer
Robert E. Johnston
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC 20005
(202) 898-5800 (Telephone)
(202) 682-1639 (Facsimile)
*Attorneys for Defendant Sandoz Inc.*

/s/ Jenifer N. Keenan
Jane Fugate Thorpe
Scott A. Elder
Brendan G. Krasinski
Jenifer N. Keenan
ALSTON & BIRD LLP
1201 W. Peachtree Street NE
Atlanta, Georgia 30309-3424
(404) 881-7181 (Telephone)
(404) 881-7000 (Facsimile)
*Attorneys for Defendant Bedford Laboratories and Ben Venue Laboratories*

/s/ M. King Hill, III
M. King Hill, III
VENABLE LLP
210 Allegheny Avenue
P.O. Box 5517
Towson, Maryland 21285-5517
(410) 494-6260 (Telephone)
(410) 821-0147 (Facsimile)

Christina L. Gaarder
VENABLE LLP
750 East Pratt Street
Baltimore, Maryland 21202
(410) 244-7638 (Telephone)
(410) 244-7742 (Facsimile)
*Attorneys for Defendant Hospira, Inc.*