# OSBORN LAW, P.C.

**295 Madison Avenue**
**New York, New York 10017**

DANIEL A. OSBORN
PHILIP J. MILLER
ADRIANNE J. LEVEN

TELEPHONE
212 - 725 - 9800

FACSIMILE
212 - 725 - 9808

March 11, 2011

**<u>BY ECF</u>**

Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   <u>*In re: Pamidronate Products Liability Litigation*,
                Case No. 1:09-md-2120-KAM-JMG</u>

Dear Judge Matsumoto:

      This letter is submitted on behalf of all Plaintiffs in the above-referenced multi-district proceeding. Drafts of a joint letter were circulated between the parties yesterday, as was mutually agreed upon. In the end, Plaintiffs refused to sign-off on the one-sided, argumentative, letter proposed (and now filed by) defendants. In our view, the letter contained legal argument, failed to objectively convey the results of the parties' meet and confer session, and did not constitute the "summary" requested by the Court. Virtually all of our suggested comments were rejected.

      Defendants' letter also fails to mention that Plaintiffs circulated a separate draft letter that concisely, and objectively, described the meet and confer efforts and outlined a briefing schedule. Defendants simply ignored Plaintiffs' letter and

Honorable Kiyo A. Matsumoto
March 11, 2011
Page 2

insisted on burdening the Court with argument, case specifics, and "facts" that Plaintiffs do not believe are accurate. In the end, it is probably of no moment, because the short of defendants' letter is that they intend to move to dismiss on virtually every case, regardless of the evidence. This is something we expected, but hoped to avoid. In any event, as the Court can see, defendants' letter is simply an attempt to persuade the Court that the vast majority of Plaintiffs' Complaints are fatally flawed for one reason or another and that Plaintiffs have failed to provide product identification information. Plaintiffs do not agree with these statements, nor did they feel it was necessary (even if they had been accurate) to be communicated to the Court prior to the Court opening the briefing period.

Plaintiffs will not address the entirety of defendants' letter but would like to make two points that we believe will be helpful to the Court. There are many cases in which Plaintiffs have identified multiple manufacturers as defendants based on medical records, documents received from wholesalers (identifying who they sold to) pursuant to subpoenas served by plaintiffs, and defendants' interrogatory responses. Defendants have taken the position that unless a plaintiff can identify only one specific manufacturer whose pamidronate was infused into him or her and the exact time it was infused, the Complaint is defective. Plaintiffs disagree. The mere fact that a plaintiff has identified multiple manufacturers whose pamidronate was infused into a particular plaintiff does not mean that that the Complaint is defective. For example, for one plaintiff, records from Southeast

Honorable Kiyo A. Matsumoto
March 11, 2011
Page 3

Florida Hematology/Oncology show that that infusion center where she received her infusions purchased pamidronate from three different manufacturers during the time period that she received her infusions. Plaintiffs submit that motions to dismiss these cases, on the ground of pleading deficiencies, are not well founded. The result of defendants' approach is that nearly every case will be the subject of a motion to dismiss. Plaintiffs do not believe this is proper and that it will waste the Court's time.

      Plaintiffs also sought to include in the draft joint letter circulated by defendants yesterday that Plaintiffs agree that the issue of market share liability is now ripe, and should be briefed for decision by the Court. Defendants likewise would not include this information in their letter, so I include it here.

                                            Respectfully,

                                            s/Daniel A. Osborn
                                            Daniel A. Osborn

Copy to All Counsel